UZ CAMERON *v.* THE TOWN OF WALDEN.

*Constable.    Towns.*

In order to enable a constable to recover against his town upon an agreement made under the provisions of sec. 66 of chap. 15, of the Comp. Stat., p. 120,* the breach alleged being the neglect of the town to give the plaintiff the collection of certain taxes, the declaration must fully and explicitly set forth a contract duly made by the town with the plaintiff to give him the collection of such taxes.

The declaration in this case adjudged insufficient in this respect.

The declaration in this case was as follows:

" In a plea of the case for that said town of Walden have for a long time, to wit: for the space of twenty years now last past

---

Cameron *v.* Town of Walden.

before the bringing of this suit, been in the constant practice of electing each year at their annual March meeting, a constable and collector of taxes, and of paying to the collector two per cent. on all moneys collected on the town and town school taxes in said town, and of permitting the said collector to retain in his hands the five per cent. abatements on the state and county taxes without accounting to the town for the same, which was well understood between the town and the collector of taxes, for more than twenty years last past. And the plaintiff further says that at the annual March meeting, legally warned, and holden in said town in the month of March, 1856, said town duly elected Abel Amsden as first constable and collector of said town, and the said Amsden then and there entered upon the duties of his office, and continued to exercise and enjoy the same for a long time, to wit: until the first day of December, 1856, when he removed from said town of Walden, and resigned his office of first constable and collector as aferesaid    That said Amsden, as such constable and collector as aforesaid, while he held the office of collector as aforesaid, to wit: on the first day of June, 1856, received from the town of Walden a town tax bill for collection against the inhabitants of Walden and others liable to pay taxes in said town, amounting to a large sum, to wit: the sum of twenty-six hundred and seventy-three dollars and seventy cents:

That when said Amsden resigned as aforesaid, he returned said tax bill to the town of Walden, who then and there accepted and received the same: that there was then a large sum due on said tax bills from those liable to pay taxes on the same, to wit: the sum of five hundred dollars.

The plaintiff further says that the Legislature of the State of Vermont, at the annual session at Montpelier in 1856, voted a tax of fourteen cents on the dollar on the grand list of the State of Vermont, which would raise in the town of Walden a large sum of money, to wit: the sum of four hundred dollars, the collecting fee on which sum, at two per cent. and the abatements at five per cent. would amount to a large sum, to wit: the sum of twenty-eight dollars. And the legislature, at the same session, voted a tax of twenty-five cents on the dollar on the grand list of the county of Caledonia, which would raise a tax on the town of

Cameron *v.* Town of Walden.

Walden amounting to a large sum, to wit: the sum of six hundred and sixty-eight dollars and forty-two cents, the collecting fee and abatements on which would amount to a large sum, to wit: the sum of seventy-three dollars: that said town of Walden afterwards, to wit: on the 20th day of December, 1856, held a legal meeting for the purpose of electing a first constable and collector of said town of Walden to fill the vacancy aforesaid, at which meeting said town, according to the statute in such case made and provided, set up the office of constable and collector to the lowest bidder for the same. And the plaintiff avers that it was then and there stated and understood by and between said town and the plaintiff, and the others present who bid for said office, that the person bidding off said office should have the State and county tax to collect, and should have the seven per cent. allowed by the State and county for collecting the same, and this was held out by the town to induce competition for said office.

And the plaintiff says that he, relying on said promise and agreement of said town, did then and there bid that he would accept said office of constable and collector as aforesaid, and collect the balance of said tax so returned by said Amsden as aforesaid, for the sum of two dollars ; and would accept said office of constable and collector if the town would give him the commission or percentage and abatements on the State and county tax aforesaid, and the town of Walden then and there, according to the statute in such case made and provided, did then and there elect the plaintiff constable and collector for said town, which office was accepted by the plaintiff who entered upon the duties of the same.

And the plaintiff avers that by the statute of the State it became and was the duty of the town of Walden, by the selectmen, on or before the 1st day of January, 1857, to have made out the several rate bills of the State tax and county tax aforesaid, and annexed proper warrants to the same, and to have delivered the same, so made out as aforesaid to the plaintiff on or before the day aforesaid, to levy and collect. Yet though often requested, the defendant by the selectmen, did not nor would on the 1st day of January, 1857, or at any other time;

deliver to the plaintiff the rate bills or taxes aforesaid, or either of them, but ever since have and still do refuse so to do. Whereby the plaintiff hath wholly lost great gains and profits which he otherwise could and would have made from the percentage, commissions, abatements and fees which would have accrued to him from the collection of said taxes, to wit: the sum of eighty dollars. And the plaintiff avers that he has always been ready and willing, and there and then offered to said town, to take and accept said rate bills and to collect the same, which the defendants then and there refused to deliver to the plaintiff."

The second count was substantially the same as the first with the exception that it set forth that the defendants, for the term of more than *fifteen years before the twentieth day of December*, 1856, had been in the practice of electing a constable, etc., and concluding with the averment that it was the duty of the town of Walden, by the selectmen, *in a reasonable time* to make out rate bills, etc.

To this declaration the defendant demurred generally. The county court, at the December Term, 1858, POLAND, J., presiding,—adjudged the declaration insufficient, to which the plaintiff excepted.

*J. A. Wing*, for the plaintiff, cited *Rumford* v. *Wood*, 13 Mass. 193 ; *Parsons* v. *Goshen*, 11 Pick. 396 ; *Stetson* v. *Kempton*, 13 Mass. 272 ; *Norton* v. *Mansfield* 16 Mass. 48 ; *Drew* v. *Davis et al.*, 10 Vt. 506 ; *Briggs et al.* v. *Whipple*, 6 Vt. 95.

*Bliss N. Davis*, for the defendants, cited *Russell et al.* v. *Inhabitants of Devon*, 2 Term 308 ; *Mower* v. *Inhabitants of Leicester*, 9 Mass. 247 ; *Ridell* v. *Proprietors, etc*, 7 Mass. 169 ; 14 Mass. 216 ; 7 Mass. 462 ; 4 Pick. 414.

PIERPOINT, J. The question arises in this case on a demurrer to the plaintiff's declaration. The plaintiff seeks to recover the damages he claims to have sustained in consequence of the neglect or refusal of the selectmen of the defendant town, to make out and deliver to him the rate bills of the State and county tax, to be collected of the inhabitants of said town, during a period

when he was acting as the constable of said town, and by law the collector of the State and other taxes.

On examining the declaration, it is not perfectly obvious on what ground the pleader intended to base his right of recovery, whether it is that the defendants and himself had entered into an agreement in pursuance of the provisions of the 66th section of the 15th chapter of the Compiled Statutes, which agreement the defendants had violated to his damage, or upon the ground that having elected him constable, and thereby made him the collector of taxes, the selectmen had neglected to deliver to him the tax bills, as they are required by law to do, whereby he lost the profits to be derived from the collection of the same.

But regarding it in either aspect, we think the facts alleged are not sufficient to entitle the plaintiff to recover. It does not appear from the declaration that any contract was entered into between the plaintiff and the defendant, by which the town became obligated to give him the collection of any particular taxes, or amount of taxes. It might well have been understood that the person who should take the office of constable should have the State and county tax to collect, if any was collected during the time he was in office, as the law makes him the collector, and no other person could collect them, but to obligate the town to give him the collection of any particular amount of taxes, or of any particular tax, so as to make them liable in case of failure, would require a contract to that effect, explicit in its terms, and sanctioned by the inhabitants in town meeting assembled, or made by some person having express authority from the town to bind them in that respect. No such contract is set forth in the declaration. The most that can be claimed on a liberal construction of the facts alleged is that they amount to an understanding between the parties, as to the amount of the plaintiff's compensation for the collection of such taxes as he should collect during the time he was in office. And this would seem to be the only contract which the statute intended to give the town authority to make with their constable. At all events we are quite clear that to bind the town to the extent claimed in this case, requires a contract of the most clear and explicit kind to that effect, and made by some one having full authority so to do.

Cameron *v.* Town of Walden.

It does not appear that anything was said to the plaintiff on the subject by any one having authority from the town to make such a contract. The moderator of the meeting could have no such authority. The right of the plaintiff to collect all taxes that were to be collected during his term of office could not depend upon any such contract with the town, and it can hardly be supposed that the parties would make or rely on such a contract when the statute expressly gives that right to the person elected constable.

It is equally clear that the plaintiff is not entitled to recover in consequence of the neglect of the selectmen to make out and deliver to him the rate bills so as to enable him to collect the taxes, and thereby earn the specified compensation. Indeed it is not claimed in argument that the plaintiff is entitled to recover on this ground.

The result is the judgment of the county court, sustaining the demurrer, is affirmed.