## A. T. WOODWARD *v.* TOWN OF RUTLAND.

### · *Taxes.* *Collector.* *Assumpsit.*

1. The collector cannot maintain an action against a town, where the select-men have caused the taxes to be collected through some other agency, for what he would have realized from their collection, although by law it was his duty to collect them.

Assumpsit. Heard at the March Term, 1888, Tyler, J., pre-siding, on the defendant's demurrer to the plaintiff's declaration. The demurrer was overruled, *pro forma*, to which the defend-ant excepted.

The declaration alleged that the plaintiff was the duly elected and qualified first constable and collector of the town of Rutland; that no street commissioner was elected by said town for the year during which he served in said capacities; that the select-men of the town were required by law to, and did assess a high-way tax, and that it was the duty of the selectmen to cause this tax to be collected by the plaintiff, but that they had caused it to be collected by the town treasurer instead, and that in consid-eration of the premises the defendant had assumed and promised to pay the plaintiff the sums which he would have realized from the collection of said tax.

*Edward Dana*, for the defendant, cited *Cameron* v. *Walden*, 32 Vt. 323.

*J. C. Baker*, for the plaintiff.

The defendant caused this tax to be collected through the town treasurer. At the date in question a highway tax could not be collected in that manner. R. L. s. 382. It was the duty of the plaintiff to collect them, and he is therefore entitled to the com-pensation attached to such collection. *Joslyn* v. *Tracy*, 19 Vt. 569.

Woodward *v.* Rutland.

The opinion of the court was delivered by

VEAZEY, J. The counts of the declaration demurred to are based on the proposition that, as the statute, Acts of 1884, No. 12, s. 2, provided that highway taxes should be collected by the collector of town taxes, when no street commissioners are elected, the plaintiff, being collector by virtue of his office as first constable, was entitled to the fees attached to such collection, although the tax bill was not given to him and he never collected the same, and although there was no agreement with him under R. L. s. 2724, which provides that towns may make such agreement with the collector in respect to his fees and commissions, as they judge advantageous to the town.

This is contrary to the construction heretofore adopted under similar statutes, as was decided in *Cameron* v. *Town of Walden*, 32 Vt. 323. The declaration is in assumpsit, and fails to show service rendered or any contract for compensation. The subsequent promise to pay, as alleged, was therefore without consideration.

*The pro forma rulings are reversed, these counts adjudged insufficient, and cause remanded.*